AKIN GUMP STRAUSS HAUER & FELD LLP
FRASER A. MCALPINE (SBN 248554)
LINDSAY E. GOINES (SBN 238998)
580 California Street, Suite 1500
San Francisco, California 94104-1036
Telephone:    415-765-9500
Facsimile:     415-765-9501

Attorneys for Defendant
THE TIMBERLAND COMPANY
(Correctly named and identified as Timberland Retail, Inc.)

MORRIS AND ASSOCIATES
STEPHEN B. MORRIS (SBN 126192)
444 West C Street, Suite 300
San Diego, California 92101
Telephone:    619-239-1300
Facsimile:     619-234-3672

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID LEE, an individual, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TIMBERLAND COMPANY, a New Hampshire corporation conducting business in the State of California, and Does 1-100,<br><br>Defendants. | Case No. 5:07-cv-02367-JF<br><br>Date:     June 13, 2008<br>Time:    9:00 a.m.<br>Judge:   Hon. Jeremy Fogel<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF STIPULATED JUDGMENT** |

   **PLEASE TAKE NOTICE** that on June 13, 2008, at 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 3 of the above-entitled Court, located at 280 South First Street, San Jose, California 95113, Plaintiffs and Defendant Timberland Retail, Inc. ("Timberland") will jointly and hereby do move the Court for Approval of Settlement of Plaintiffs' claims under the Fair Labor Standards Act.

The Plaintiffs in this collective-action matter and Timberland, seek approval of their settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201-219, and entry of a stipulated judgment. The fourteen Plaintiffs each executed a Confidential Settlement Agreement and Release of All Claims with Timberland, ("Agreements"). Copies of those Agreements are attached for the Court's review. Timberland has approved the terms of the enclosed Agreements and all Agreements have been fully executed.

## MEMORANDUM OF POINTS AND AUTHORITIES

The parties wish to resolve Plaintiffs' claims of failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Section 216(c) of the FLSA states that the Secretary of the United States Department of Labor is "authorized to supervise" any settlement of claims for unpaid wages or unpaid overtime compensation under the FLSA. 29 U.S.C. § 216(c). The United States Supreme Court interprets this language to render invalid any release of claims under the FLSA that is not subjected to this supervision and approval process. *See D. A. Schulte v. Gangi*, 328 U.S. 108, 115 (1946).[1]

It is important to note that both *Gangi* and *O'Neil* involved the settlement of prelitigation claims of FLSA violations. However, the *Gangi* Court noted in dicta that Congress's intention to prevent private, unsupervised compromises of alleged FLSA violations (which could conceivably result in private agreements to pay employees less than what is mandated under the law) would be sufficiently satisfied in circumstances where litigation ensues and a proposed settlement is reviewed by the Court, rather than the Department of Labor. "Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." *Id.* at 113 n.8.

---

[1] The *Gangi* Court extended the analysis supplied in *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), which held that a release pursuant to an unsupervised settlement of undisputed claims was invalid, but declined to address whether an unsupervised settlement of a bona fide dispute would have the same consequence. *Brooklyn Sav. Bank*, at 714.

6182749 v2

2

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF STIPULATED JUDGMENT**

In *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit held that a stipulated judgment on employees' claims for back pay under the FLSA entered by a Georgia court upon review of a settlement agreement between the parties was *res judicata* to the same employees' subsequent lawsuit for liquidated damages for the same alleged violations. *See Jarrad* at 961; *DeBraska v. City of Milwaukee*, 11 F. Supp.2d 1020, 1026-1027 (E.D. Wis. 1998) (holding that court-approved settlement of FLSA claim constitutes final judgment with *res judicata* effect); *Cf. Yue Zhou v. Wang's Restaurant*, 2007 WL 172308, *1 (N.D. Cal. 2007) (holding that proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the Court a proposed settlement, upon which the District Court may enter a stipulated judgment only after scrutinizing the settlement for fairness) (citing *Gangi*, at 113 n.8; *Jarrad*, at 961; *Lynn's Food Stores, Inc. v. United States, Etc.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding that employer's filing of action seeking judicial approval of settlement negotiated and agreed upon outside the context of litigation is not acceptable means of settlement under FLSA; "The only…route [other than direct supervision by the Department of Labor] for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 215(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.")).

## CONCLUSION

Accordingly, and in order to ensure that the release of all clams contained within the parties' proposed settlement agreements are valid and enforceable, the parties present the attached Confidential Settlement Agreements and Releases of All Claims for the Court's review. (Exhibit 1) Upon the Court's finding that the Settlement Agreements are fair, the parties respectfully request that the Court enter the Proposed Order of Dismissal and Stipulated Judgment.

Dated: March 28, 2008                     AKIN GUMP STRAUSS HAUER & FELD LLP


                                          By_____/s/ *Fraser A. McAlpine*_____
                                                  Fraser A. McAlpine

                                          Attorneys for Defendant
                                          THE TIMBERLAND COMPANY
                                          (Correctly named and identified as
                                          Timberland Retail, Inc.)

Dated: March 28, 2008                     LAW OFFICES OF STEPHEN A. MORRIS


                                          By_____/s/ *Stephen B. Morris*_____
                                                  Stephen A. Morris

                                          Attorneys for Plaintiffs