1  AKIN GUMP STRAUSS HAUER & FELD LLP
   FRASER A. MCALPINE (SBN 248554)
2  LINDSAY E. GOINES (SBN 238998)
   580 California Street, Suite 1500
3  San Francisco, California 94104-1036
   Telephone: 415-765-9500
4  Facsimile:  415-765-9501

5  Attorneys for Defendant
   THE TIMBERLAND COMPANY
6  (Correctly named and identified as Timberland Retail, Inc.)

7  MORRIS AND ASSOCIATES
   STEPHEN B. MORRIS (SBN 126192)
8  444 West C Street, Suite 300
9  San Diego, California 92101
   Telephone:    619-239-1300
10 Facsimile:    619-234-3672

11 Attorneys for Plaintiffs

12              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
13

14                  SAN JOSE DIVISION

15 DAVID LEE, an individual, on behalf of     Case No. 5:07-cv-02367-JF
   himself and on behalf of others similarly
16 situated,                                  Date:  June 13, 2008
                                              Time:  9:00 a.m.
17              Plaintiffs,                    Judge: Hon. Jeremy Fogel

18     v.                                     **EXHIBIT 1 (Part 1) TO JOINT MOTION
                                              FOR APPROVAL OF SETTLEMENT
19 THE TIMBERLAND COMPANY, a New              AND ENTRY OF STIPULATED
   Hampshire corporation conducting business  JUDGMENT**
20 in the State of California, and Does 1-100,

21              Defendants.

22

23

24

25

26

27

28

                                    1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between David Lee, Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

David Lee is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

David Lee and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by David Lee, and to resolve the Litigation, it is agreed as follows:

1.      This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of David Lee or any person, or any violation of any order, law, statute, duty, or contract whatsoever against David Lee or any person. The Company specifically disclaims any liability to David Lee or any other person for any alleged violation of the rights of David Lee or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.      David Lee and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

7938705

3.      In consideration for David Lee's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.      Issue David Lee payment in the amount of eighteen thousand Dollars ($18,000.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to David Lee.

4.      David Lee agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to him under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to his execution of this Agreement. David Lee and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding David Lee's entitlement to attorneys' fees and costs.

5.      The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.    David Lee agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, David Lee agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to David Lee's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, David Lee may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. David Lee agrees that if questioned about this settlement, the disposition of his claims, or any other information made confidential by this provision, he can only say: "The case is resolved," words to that effect. David Lee agrees that he will not characterize the settlement as a "good settlement," that he is pleased with the outcome or in some other fashion indicate that he prevailed in connection with his claims against the

Company or in the Litigation. David Lee affirms that prior to the execution of this Agreement he has not disclosed information to any person other than his attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. David Lee understands that his agreement in paragraph 5.a. is a material term from his perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

6.b.    Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

7.    David Lee, for his, his heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that he may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date David Lee executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

(a)    Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, California Labor Code § § 201-203, 226, 351, 510, 558, 1194, and 1199, California Business & Professions Code § § 17200-17208, Nevada Code Chapter 608-Compensation, Wages and Hours, *et seq.*, including but not limited to § § 608.018, 608.020, 608.040, 608.050, 608.160, 608.250, 608.260, the employment and labor laws of the States of California and Nevada, or any claim relating to or arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing

employment, discrimination in employment, harassment, retaliation, and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by David Lee against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of David Lee's employment with the Company.

(b)      Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

(c)      Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

8.      David Lee agrees that he will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize David Lee in communications with third parties.

9.      The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. David Lee expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

10.     David Lee has been fully advised by his attorney of the contents of section 1542 of the Civil Code of the State of California. David Lee expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

> Section 1542: (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.     This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated: 1/10/08 _____          _____
                                        DAVID LEE

Dated: 3/26/2008 _____        _____
                                        A DULY AUTHORIZED REPRESENTATIVE OF
                                        TIMBERLAND RETAIL, INC.

Dated: 3/27/2008 _____        _____
                                        A DULY AUTHORIZED REPRESENTATIVE OF
                                        AKIN GUMP STRAUSS HAUER & FELD LLP

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Stephan C. Frederick (hereinafter sometimes referred to as "Stephan Frederick"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

Stephan Frederick is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

Stephan Frederick and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by Stephan Frederick, and to resolve the Litigation, it is agreed as follows:

1.      This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Stephan Frederick or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Stephan Frederick or any person.  The Company specifically disclaims any liability to Stephan Frederick or any other person for any alleged violation of the rights of Stephan Frederick or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.      Stephan Frederick and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

3.     In consideration for Stephan Frederick's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.     Issue Stephan Frederick payment in the amount of two thousand Dollars ($2,000.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to Stephan Frederick.

4.     Stephan Frederick agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to him under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to his execution of this Agreement. Stephan Frederick and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding Stephan Frederick's entitlement to attorneys' fees and costs.

5.     The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.     Stephan Frederick agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, Stephan Frederick agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to Stephan Frederick's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, Stephan Frederick may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. Stephan Frederick agrees that if questioned about this settlement, the disposition of his claims, or any other information made confidential by this provision, he can only say: "The case is resolved," words to that effect. Stephan Frederick agrees that he will not characterize the settlement as a "good settlement," that he is pleased with the outcome or in some other fashion indicate that he prevailed in connection

7938710                                          2

with his claims against the Company or in the Litigation. Stephan Frederick affirms that prior to the execution of this Agreement he has not disclosed information to any person other than his attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. Stephan Frederick understands that his agreement in paragraph 5.a. is a material term from his perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

6.b.      Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

7.      Stephan Frederick, for his, his heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that he may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date Stephan Frederick executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

(a)      Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, Virginia Code Title 40.1- Labor and Employment, *et seq.*, including but not limited to § § 40.1-28.10, 40.1-28.11, 40.1- 28.12, 40.1-29, the employment and labor laws of the State of Virginia, or any claim relating to or arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing employment, discrimination in employment, harassment, retaliation, and/or the

payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Stephan Frederick against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of Stephan Frederick's employment with the Company.

      (b)    Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

      (c)    Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

    8.    Stephan Frederick agrees that he will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize Stephan Frederick in communications with third parties.

    9.    The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. Stephan Frederick expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

    10.    Stephan Frederick has been fully advised by his attorney of the contents of section 1542 of the Civil Code of the State of California. Stephan Frederick expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

4

Section 1542: (<u>General Release – Claims Extinguished</u>.)  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.     This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto.  This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated: 1-22-08

Dated: 3/26/2008

Dated: 3/27/2008

STEPHAN C. FREDERICK

A DULY AUTHORIZED REPRESENTATIVE OF TIMBERLAND RETAIL, INC.

A DULY AUTHORIZED REPRESENTATIVE OF AKIN GUMP STRAUSS HAUER & FELD LLP

7938710

5

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Rhonda L. Frost (hereinafter sometimes referred to as "Rhonda Frost"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

Rhonda Frost is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

Rhonda Frost and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by Rhonda Frost, and to resolve the Litigation, it is agreed as follows:

1.    This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Rhonda Frost or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Rhonda Frost or any person. The Company specifically disclaims any liability to Rhonda Frost or any other person for any alleged violation of the rights of Rhonda Frost or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.    Rhonda Frost and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

3.     In consideration for Rhonda Frost's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.     Issue Rhonda Frost payment in the amount of one thousand five hundred Dollars ($1,500.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to Rhonda Frost.

4.     Rhonda Frost agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to her under this Agreement, that she is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to her execution of this Agreement. Rhonda Frost and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding Rhonda Frost's entitlement to attorneys' fees and costs.

5.     The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.     Rhonda Frost agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, Rhonda Frost agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to Rhonda Frost's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, Rhonda Frost may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. Rhonda Frost agrees that if questioned about this settlement, the disposition of her claims, or any other information made confidential by this provision, she can only say: "The case is resolved," words to that effect. Rhonda Frost agrees that she will not characterize the settlement as a "good settlement," that she is pleased with the outcome or in some other fashion indicate that she prevailed in connection

with her claims against the Company or in the Litigation. Rhonda Frost affirms that prior to the execution of this Agreement she has not disclosed information to any person other than her attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. Rhonda Frost understands that her agreement in paragraph 5.a. is a material term from her perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

6.b.     Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

7.     Rhonda Frost, for her, her heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that she may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date Rhonda Frost executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

(a)     Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, the employment and labor laws of the State of Alabama, or any claim relating to or arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing employment, discrimination in employment, harassment, retaliation, and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands,

and causes of action raised or that could have been raised by Rhonda Frost against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of Rhonda Frost's employment with the Company.

(b)     Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

(c)     Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

8.     Rhonda Frost agrees that she will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize Rhonda Frost in communications with third parties.

9.     The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. Rhonda Frost expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

10.     Rhonda Frost has been fully advised by her attorney of the contents of section 1542 of the Civil Code of the State of California. Rhonda Frost expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

Section 1542:   (<u>General Release – Claims Extinguished</u>.)  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.    This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto.  This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated: _1-23-08_

RHONDA L. FROST

Dated: _3/26/2008_

A DULY AUTHORIZED REPRESENTATIVE OF
TIMBERLAND RETAIL, INC.

Dated: _3/21/2008_

A DULY AUTHORIZED REPRESENTATIVE OF
AKIN GUMP STRAUSS HAUER & FELD LLP

5

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between John N. Mooney (hereinafter sometimes referred to as "John Mooney"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

John Mooney is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

John Mooney and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by John Mooney, and to resolve the Litigation, it is agreed as follows:

1.      This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of John Mooney or any person, or any violation of any order, law, statute, duty, or contract whatsoever against John Mooney or any person. The Company specifically disclaims any liability to John Mooney or any other person for any alleged violation of the rights of John Mooney or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.      John Mooney and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

3.     In consideration for John Mooney's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.     Issue John Mooney payment in the amount of six thousand nine hundred Dollars ($6,900.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to John Mooney.

4.     John Mooney agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to him under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to his execution of this Agreement. John Mooney and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding John Mooney's entitlement to attorneys' fees and costs.

5.     The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.     John Mooney agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, John Mooney agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to John Mooney's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, John Mooney may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. John Mooney agrees that if questioned about this settlement, the disposition of his claims, or any other information made confidential by this provision, he can only say: "The case is resolved," words to that effect. John Mooney agrees that he will not characterize the settlement as a "good settlement," that he is pleased with the outcome or in some other fashion indicate that he prevailed in connection with

7938716                                    2

his claims against the Company or in the Litigation. John Mooney affirms that prior to the execution of this Agreement he has not disclosed information to any person other than his attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. John Mooney understands that his agreement in paragraph 5.a. is a material term from his perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

      6.b.    Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

      7.    John Mooney, for his, his heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that he may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date John Mooney executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

      (a)    Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, California Labor Code §§ 201-203, 226, 351, 510, 558, 1194, and 1199, California Business & Professions Code §§ 17200-17208, New Hampshire Revised Statutes Chapter 275, *et seq.*, Chapter 279, *et seq.*, including but not limited to §§ 275:43, 279:21, 279:26-b, 279:28, 279:29, Chapters 21, 61, 62, and 451 of the Texas Labor Code, *et seq.*, including but not limited to, §§ 61.001-61.019, 62.051-052, Virginia Code Title 40.1 – Labor and Employment, *et seq.*, including but not limited

to, § § 40.1-28.10-12, 40.1-29, Revised Code of Washington Title 49, *et seq.*, including but not limited to, § § 49.12.150, 49.46.020, 49.46.090, 49.46.130, 49.48.010, the employment and labor laws of the States of California, New Hampshire, Texas, Virginia, and Washington, or any claim relating to or arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing employment, discrimination in employment, harassment, retaliation and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by John Mooney against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of John Mooney's employment with the Company.

      (b)    Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

      (c)    Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

      8.    John Mooney agrees that he will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize John Mooney in communications with third parties.

      9.    The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs,

administrators, representative, executors, successors, and assigns.  John Mooney expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

    10.    John Mooney has been fully advised by his attorney of the contents of section 1542 of the Civil Code of the State of California.  John Mooney expressly waives any rights or benefits under section 1542, or any equivalent statute.  Section 1542 reads as follows:

> Section 1542:  (General Release – Claims Extinguished.)  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

    11.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

    12.    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

    13.    This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto.  This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated:  1/23/08

Dated:  3/26/2008

Dated:  3/27/2008

JOHN N. MOONEY

A DULY AUTHORIZED REPRESENTATIVE OF
TIMBERLAND RETAIL, INC.

A DULY AUTHORIZED REPRESENTATIVE OF
AKIN GUMP STRAUSS HAUER & FELD LLP

7938716

5

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Barbara L. Mota (hereinafter sometimes referred to as "Barbara Mota"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

Barbara Mota is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

Barbara Mota and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by Barbara Mota, and to resolve the Litigation, it is agreed as follows:

1.      This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Barbara Mota or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Barbara Mota or any person.  The Company specifically disclaims any liability to Barbara Mota or any other person for any alleged violation of the rights of Barbara Mota or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.      Barbara Mota and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

7938720

1

3.    In consideration for Barbara Mota's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.    Issue Barbara Mota payment in the amount of four thousand five hundred Dollars ($4,500.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to Barbara Mota.

4.    Barbara Mota agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to her under this Agreement, that she is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to her execution of this Agreement. Barbara Mota and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding Barbara Mota's entitlement to attorneys' fees and costs.

5.    The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.    Barbara Mota agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, Barbara Mota agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to Barbara Mota's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, Barbara Mota may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. Barbara Mota agrees that if questioned about this settlement, the disposition of her claims, or any other information made confidential by this provision, she can only say: "The case is resolved," words to that effect. Barbara Mota agrees that she will not characterize the settlement as a "good settlement," that she is pleased with the outcome or in some other fashion indicate that she prevailed in connection

2

with her claims against the Company or in the Litigation. Barbara Mota affirms that prior to the execution of this Agreement she has not disclosed information to any person other than her attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. Barbara Mota understands that her agreement in paragraph 5.a. is a material term from her perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

6.b.     Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

7.     Barbara Mota, for her, her heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that she may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date Barbara Mota executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

(a)     Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, Georgia Code Chapter 34-4, *et seq.*, including but not limited to, § § 34-4-3, 34-4-5, 34-4-6, Florida Annotated Statutes, Title XXXI, Chapter 448, *et seq.*, including but not limited to, § § 448.01, 448.08, 448.103, 448.104, and 448.110, the employment and labor laws of the States of Georgia and Florida, or any claim relating to or arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in

7938720                                                    3

contract or tort, governing employment, discrimination in employment, harassment, retaliation, and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Barbara Mota against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of Barbara Mota's employment with the Company.

      (b)    Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

      (c)    Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

      8.    Barbara Mota agrees that she will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize Barbara Mota in communications with third parties.

      9.    The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. Barbara Mota expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

10.   Barbara Mota has been fully advised by her attorney of the contents of section 1542 of the Civil Code of the State of California. Barbara Mota expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

Section 1542: (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.   Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.   This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.   This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated:   01 / 25 / 08          _Barbara L. Mota_
                               BARBARA L. MOTA

Dated:   3/26/2008            _____
                               A DULY AUTHORIZED REPRESENTATIVE OF
                               TIMBERLAND RETAIL, INC.

Dated:   3/27/2008            _Fraser A. McAlpin_
                               A DULY AUTHORIZED REPRESENTATIVE OF
                               AKIN GUMP STRAUSS HAUER & FELD LLP

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Shannon M. Newcomb (hereinafter sometimes referred to as "Shannon Newcomb"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

Shannon Newcomb is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

Shannon Newcomb and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by Shannon Newcomb, and to resolve the Litigation, it is agreed as follows:

1.     This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Shannon Newcomb or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Shannon Newcomb or any person. The Company specifically disclaims any liability to Shannon Newcomb or any other person for any alleged violation of the rights of Shannon Newcomb or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.     Shannon Newcomb and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

3.     In consideration for Shannon Newcomb's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.     Issue Shannon Newcomb payment in the amount of sixteen thousand five hundred Dollars ($16,500.00), which will be considered wages, with taxes withheld as required by law.  This payment shall be issued in the form of a check that will be made payable to Shannon Newcomb.

4.     Shannon Newcomb agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to her under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to her execution of this Agreement.  Shannon Newcomb and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding Shannon Newcomb's entitlement to attorneys' fees and costs.

5.     The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.     Shannon Newcomb agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein.  Without the express written agreement of the Company or unless required to do so by law, Shannon Newcomb agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to Shannon Newcomb's personal counsel or attorney, personal accountants, or personal tax preparer.  Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities.  To the extent required by law or applicable regulation, Shannon Newcomb may also disclose the provisions of this Agreement to the appropriate taxing authorities.  This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee.  Shannon Newcomb agrees that if questioned about this settlement, the disposition of her claims, or any other information made confidential by this provision, she can only say: "The case is resolved." words to that effect.  Shannon Newcomb agrees that she will not characterize the settlement as a "good

7938723

2

settlement," that she is pleased with the outcome or in some other fashion indicate that she prevailed in connection with her claims against the Company or in the Litigation. Shannon Newcomb affirms that prior to the execution of this Agreement she has not disclosed information to any person other than her attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. Shannon Newcomb understands that her agreement in paragraph 5.a. is a material term from her perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

6.b.    Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

7.    Shannon Newcomb, for her, her heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that she may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date Shannon Newcomb executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

(a)    Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, Nevada Code Chapter 608 – Compensation, Wages, and Hours, *et seq.*, including but limited to, § § 608.018, 608.020, 608.040, 608.050, 608.160, 608.250, 608.260, New Jersey Statutes Title 34, *et seq.*, including but not limited to, § § 34:11-4.2, 34:11-4.3, 34:11-4.10, 34:11-24.2, 34:11-56a4, the employment and labor laws of the States of Nevada and New Jersey, or any claim relating to or arising under any

7938723

3

federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing employment, discrimination in employment, harassment, retaliation, and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Shannon Newcomb against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of Shannon Newcomb's employment with the Company.

        (b)    Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

        (c)    Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

        8.    Shannon Newcomb agrees that she will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize Shannon Newcomb in communications with third parties.

        9.    The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. Shannon Newcomb expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

7938723

4

10.    Shannon Newcomb has been fully advised by her attorney of the contents of section 1542 of the Civil Code of the State of California. Shannon Newcomb expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

> Section 1542: (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.    This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.    This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated: _January 19, 2008_

SHANNON M. NEWCOMB

Dated: ___3/26/2008___

A DULY AUTHORIZED REPRESENTATIVE OF
TIMBERLAND RETAIL, INC.

Dated: _3/27/2008_

Fraser A. McAlpine

A DULY AUTHORIZED REPRESENTATIVE OF
AKIN GUMP STRAUSS HAUER & FELD LLP

7938723

5

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Joseph A. Pfeiffer (hereinafter sometimes referred to as "Joseph Pfeiffer"), Timberland Retail, Inc., and any other affiliated, related or associated companies, subsidiaries, parents, officers, directors, managers, employees, shareholders, agents, attorneys, representatives, insurance companies, insurers, and assigns, of such named companies and entities (hereinafter collectively referred to as the "Company").

Joseph Pfeiffer is a plaintiff in an action that is currently pending in the United States District Court for the Northern District of California, San Jose Division, entitled or captioned Civil Action No. C07-02367-HRL, *David Lee v. The Timberland Company* ("the Litigation").

Joseph Pfeiffer and the Company desire to settle fully and finally all differences between them.

This Agreement will become effective and enforceable immediately upon approval of the United States District Court for the Northern District of California, San Jose Division ("Effective Date").

In consideration of the promises that are contained in this Agreement and other good and valuable consideration, receipt of which is hereby acknowledged by Joseph Pfeiffer, and to resolve the Litigation, it is agreed as follows:

1.      This Agreement and compliance with this Agreement shall not be construed as an admission by the Company of any liability whatsoever, or as an admission by the Company of any violation of the rights of Joseph Pfeiffer or any person, or any violation of any order, law, statute, duty, or contract whatsoever against Joseph Pfeiffer or any person. The Company specifically disclaims any liability to Joseph Pfeiffer or any other person for any alleged violation of the rights of Joseph Pfeiffer or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of the Company, its employees or agents or related companies or their employees or agents.

2.      Joseph Pfeiffer and the Company will file with the Court in the Litigation a joint motion to approve this Agreement and a proposed agreed judgment.

3.      In consideration for Joseph Pfeiffer's execution of and compliance with all the terms and conditions of this Agreement, the Company will:

a.      Issue Joseph Pfeiffer payment in the amount of eight thousand one hundred fifty Dollars ($8,150.00), which will be considered wages, with taxes withheld as required by law. This payment shall be issued in the form of a check that will be made payable to Joseph Pfeiffer.

4.      Joseph Pfeiffer agrees that the foregoing payment shall constitute the entire amount of monetary consideration provided to him under this Agreement, that he is not entitled to any further monetary consideration whatsoever from the Company, apart from any and all vested and non-forfeitable benefits or payments, including all rights, if any, under the Company's 401(k) plan, if any, or any other events or circumstances that existed or occurred prior to his execution of this Agreement. Joseph Pfeiffer and Timberland agree that the issue of attorneys' fees and costs will be resolved at a future date by the Court and this Agreement does not constitute a waiver regarding Joseph Pfeiffer's entitlement to attorneys' fees and costs.

5.      The parties agree that the monetary amount to be paid for Plaintiffs' attorneys' fees and costs will be set by the Court.

6.a.      Joseph Pfeiffer agrees, promises, and covenants that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein. Without the express written agreement of the Company or unless required to do so by law, Joseph Pfeiffer agrees never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to Joseph Pfeiffer's personal counsel or attorney, personal accountants, or personal tax preparer. Any such disclosure to persons will be made only if the relevant person must have such information for the performance of his or her responsibilities. To the extent required by law or applicable regulation, Joseph Pfeiffer may also disclose the provisions of this Agreement to the appropriate taxing authorities. This confidentiality provision applies to and expressly prohibits all communications to any person or entity including, without limitation, communications to any present, former or future Company employee. Joseph Pfeiffer agrees that if questioned about this settlement, the disposition of his claims, or any other information made confidential by this provision, he can only say: "The case is resolved," words to that effect. Joseph Pfeiffer agrees that he will not characterize the settlement as a "good settlement," that he

is pleased with the outcome or in some other fashion indicate that he prevailed in connection with his claims against the Company or in the Litigation. Joseph Pfeiffer affirms that prior to the execution of this Agreement he has not disclosed information to any person other than his attorney and financial advisor about the terms of the settlement or any other information that would enable that person to quantify the payments made by the Company. Joseph Pfeiffer understands that his agreement in paragraph 5.a. is a material term from his perspective and the perspective of the Company, and that breach of this Agreement could result in damage to the Company.

      6.b.    Counsel for the Company, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be strictly confidential and shall not be disclosed except as provided herein unless required by law. Akin Gump agrees never to disclose the existence, facts, terms, or amounts of this Agreement, nor the substance of the negotiations leading up to this Agreement, to any person or entity.

      7.    Joseph Pfeiffer, for his, his heirs, executors, administrators, successors, and assigns, does fully and forever release and discharge the Company, as an entity and on behalf of its subsidiaries, divisions, and affiliates, related enterprises, successors, assigns, officers, agents, and employees, as the parties released, from all actions, lawsuits, grievances, and claims of any nature that he may not have or later claims to have arising out of, on account of, or related in any manner whatsoever to the Company. Although this release does not apply to claims that may arise after the date Joseph Pfeiffer executes this Agreement, it does preclude recovery of damages suffered after the execution of this Agreement arising from events or claims accruing before the execution of this Agreement. This release specifically includes, but is not limited to:

      (a)    Any violation or alleged violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, as amended, the Family Medical Leave Act, as amended, the Equal Pay Act, as amended, the Fair Labor Standards Act, the Employment Retirement Income Security Act, the Americans With Disabilities Act, California Labor Code §§ 201-203, 226, 351, 510, 558, 1194, and 1199, California Business & Professions Code § 17200-17208, Nevada Code Chapter 608-Compensation, Wages and Hours, *et seq.*, including but not limited to §§ 608.018, 608.020, 608.040, 608.050, 608.160, 608.250, 608.260, the employment and labor laws of the States of California and Nevada, or any claim relating to or

arising under any federal, state, or local law, any other statute, executive order, law, ordinance, or any state or local human rights law, and the common law, whether in contract or tort, governing employment, discrimination in employment, harassment, retaliation, and/or the payment of wages or benefits. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Joseph Pfeiffer against the Company in the Litigation. The parties understand the word "claims" to include all actions, claims, and grievances (including related attorneys' fees and costs), whether actual or potential, known or unknown, and specifically but not exclusively all claims arising out of Joseph Pfeiffer's employment with the Company.

(b)  Any contract, tort, or property claim, including any and all claims of discrimination, harassment, retaliation, whistleblower liability, wrongful discharge, constructive discharge, slander, breach of employment contract, breach of covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, unlawful interference with contract or existing or prospective economic advantage, negligence, misrepresentation, breach of privacy, defamation, loss of consortium, breach of fiduciary duty, violation of public policy, or any other common law claim of any kind.

(c)  Any claim that the Company acted improperly, illegally, or unconscionably in any manner whatsoever at any time prior to the execution of this Agreement.

8.  Joseph Pfeiffer agrees that he will not disparage or criticize the Company or its management philosophies, direction, or values in communications with third parties. The Company agrees that it will not disparage or criticize Joseph Pfeiffer in communications with third parties.

9.  The parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement, and that the Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representative, executors, successors, and assigns. Joseph Pfeiffer expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

7938731                                          4

10.     Joseph Pfeiffer has been fully advised by his attorney of the contents of section 1542 of the Civil Code of the State of California. Joseph Pfeiffer expressly waives any rights or benefits under section 1542, or any equivalent statute. Section 1542 reads as follows:

> Section 1542:  (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

11.     Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12.     This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

13.     This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of California without regard to principles of conflict of laws.

Dated:  1/19/08

Dated:  3/26/2008

Dated:  3/27/2008

JOSEPH A. PFEIFFER

A DULY AUTHORIZED REPRESENTATIVE OF
TIMBERLAND RETAIL, INC.

A DULY AUTHORIZED REPRESENTATIVE OF
AKIN GUMP STRAUSS HAUER & FELD LLP