\*\*E-Filed June 19, 2008\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAVID LEE, an individual, on behalf of himself and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE TIMBERLAND COMPANY, a New Hampshire corporation conducting business in the State of California, and Does 1-100,<br><br>Defendants. | Case Number C 07-2367 JF<br>ORDER[1] GRANTING APPROVAL OF SETTLEMENT OF PLAINTIFF'S CLAIMS<br><br>[re: docket no. 31] |

Plaintiff David Lee ("Lee") and Defendants Timberland Retail, Inc., et al. ("Timberland") file this joint motion for approval of settlement of Lee's claims under the Fair Labor Standards Act ("FLSA") and entry of stipulated judgment. For reasons set forth below, the motion will be GRANTED.

## I. BACKGROUND

Plaintiff Lee was hired by Timberland in November 2001 as a sales associate in

---

[1] This disposition is not designated for publication in the official reporter.

Case No. C 07-2367 JF
ORDER GRANTING APPROVAL OF SETTLEMENT OF PLAINTIFF'S CLAIMS
(JFEX1)

Timberland's Barstow, California store.  In 2004, Lee was promoted to Operations Manager of the store.  Though classified as an "exempt manager," Lee alleges that his position required him to spend eighty percent of his time doing the duties of a sales associate.

In 2005, Lee was transferred to Timberland's Las Vegas, Nevada store as a non-exempt assistant manager.  Approximately, six months later, Lee was promoted to Operations Manager of the store.  In June 2006, Lee was transferred to Timberland's San Jose store and promoted to Store Manager.  Though he again was classified as an "exempt manager," Lee alleges that this position required him to spend seventy-five percent of his time doing the duties of a sales associate.  Lee contends that his positions, and those of similarly situated employees, are improperly classified as "exempt" from overtime compensation.

Lee alleges that his standard pay is set for an eight-hour workday.  However, he alleges that he routinely worked sixty hours per week as a Store Manager and Operations Manager without overtime compensation.  In addition, Lee was assigned to travel out of town for months at a time to assist in managing other stores.  During these trips, Lee worked fourteen to fifteen hours per day without overtime compensation.  Lee claims that Timberland supplied him with time cards that were completed in advance to show that he worked for only eight hours per day.  Lee further alleges that as both a Store Manager and Operations Manager, he was expected to complete his managerial duties in one hour during his workday and was instructed to prepare schedules at home on his own time.

On May 1, 2007, Lee filed the instant action on behalf of himself and similarly situated employees pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Timberland denies Lee's allegations and contends that Lee is not similarly situated to the members of the class proposed by the complaint.  However, on September 19, 2007, this Court granted the parties' joint motion for notice to potential class members.

After an exchange of wage and work histories of potential class members, the parties have agreed to settle the dispute as to fourteen potential class members.  On March 28, 2008, the parties filed the instant joint motion for approval of settlement and entry of stipulated judgment.

The Court conducted a hearing on June 13, 2008 to discuss the validity of the proposed settlement. The Court approved the settlement on the condition that the parties provide the Court with additional data with respect to class members' wages and alleged overtime hours. Counsel provided such documentation shortly thereafter.

## II.  LEGAL STANDARD

The FLSA requires employers to pay their employees time and one-half for work exceeding forty hours per week. *See* 29 U.S.C. § 207(a)(1). However, the FLSA allows an overtime "exemption" for those "employed in a bona fide executive, administrative, or professional capacity." *See* 29 U.S.C. § 213(a)(1). An employee cannot waive his claims under the FLSA; thus, claims may be settled only under the supervision of the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Yue Zhou v. Wang's Restaurant*, 2007 WL 172308, *1 (N.D. Cal. 2007). The FLSA also requires that a settlement agreement include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

As this Court previously has noted, "the proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Yue Zhou*, 2007 WL 172308, at *1. In reviewing a proposed settlement, "a court must determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *Id.*

## III.  DISCUSSION

The Court concludes that there is a genuine issue of material fact as to whether Lee and others similarly situated were exempt employees. Accordingly, judicial scrutiny of the fairness of the proposed settlement is proper in the instant case. The Ninth Circuit has held that "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, . . . the district court [may] approve the settlement

in order to promote the policy of encouraging settlement of litigation. *Id.* at *2; *see also Lynn's Food Stores, Inc.*, 679 F.2d at 1355. The supplemental briefing provided by Plaintiffs' counsel acknowledges that there were multiple legal issues to evaluate in this case, including Defendant's challenge to the classification of employees as exempt under the FLSA as well as the appropriateness of collective action. Plaintiffs' counsel further acknowledges the relative difficulty of proving precisely how many overtime hours actually were worked by each of the fourteen Plaintiffs. The Court finds that the proposed award of seventy percent of the gross claim alleged by each Plaintiff reflects a reasonable compromise with respect to these difficult issues. Accordingly, in the interest of justice and in furtherance of the policy of promoting settlement of litigation, the Court will approve the proposed settlement agreements for each Plaintiff.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for approval of settlement is GRANTED.

DATED: June 19, 2008

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Stephen Bryan Morris
Email: morris@sandiegolegal.com

3

4  Mark Clare Hinkley
Email: hinkley@sandiegolegal.com

5  Fraser Angus McAlpine
Email: fmcalpine@ackingump.com

6

7  Lindsay Erin Goines
Email: lgoines@ackingump.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-2367 JF
ORDER GRANTING APPROVAL OF SETTLEMENT OF PLAINTIFF'S CLAIMS
(JFEX1)