**E-Filed July 1, 2008**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DAVID LEE, an individual, on behalf of himself and on behalf of others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>THE TIMBERLAND COMPANY, a New Hampshire corporation conducting business in the State of California, and Does 1-100, <br><br>Defendants. | Case Number C 07-2367 JF <br> ORDER[1] FIXING ATTORNEY'S FEES AND COSTS. <br><br> [re: docket no. 33] |

Plaintiff David Lee ("Lee") seeks an award of attorney's fees and costs pursuant to the settlement agreement in the above entitled action. For the reasons set forth below, attorney's fees will be awarded in the amount of $183,107.50, and costs will be awarded in the amount of $1,893.68.

## I. BACKGROUND

The background of this case is set forth in the Court's Order of June 19, 2008 approving

---

[1] This disposition is not designated for publication in the official reporter.

Case No. C 07-2367 JF
ORDER FIXING ATTORNEY'S FEES AND COSTS
(JFEX1)

1  the parties' settlement agreement. Class Counsel has submitted evidence that 333.25 attorney
2  hours and 142.35 paralegal hours were devoted to this case. Lee seeks an award of attorney's
3  fees in the amount of $183,107.50, with no multiplier, and costs in the amount of $1,893.68. The
4  motion is unopposed.

## II.  DISCUSSION

The Fair Labor Standards Act provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Ninth Circuit has held that "the starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  Although there is a "strong presumption" that the lodestar represents a reasonable fee, it may be adjusted upwardly or downwardly based upon certain factors. *See id.*; *Lucas v. White*, 63 F.Supp.2d 1046, 1057 (N.D. Cal. 1999). "Counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice is ethically obligated to exclude hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 433-434 (1983) (citations omitted); *see also*, *Gates*, 987 F.2d at 1402. The party seeking the fee bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Id*. at 1398-1399.

In the instant case, Plaintiff has met this burden by submitting time records and declarations in support of the fees and costs requested. Class Counsel also has carefully explained the challenges presented by this case and the relative difficulty of the legal issues at hand. The Court appreciates Class Counsel's reasonable request for fees in view of the fact that the request is unopposed. The Court will approve the fees and costs documented in Plaintiff's moving papers.

## III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's is awarded

2

Case No. C 07-2367 JF
ORDER FIXING ATTORNEY'S FEES AND COSTS
(JFEX1)

attorney's fees in the amount of $183,107.50 and costs in the amount of $1,893.68.

DATED: July 1, 2008

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-2367 JF
ORDER FIXING ATTORNEY'S FEES AND COSTS
(JFEX1)

1  This Order has been served upon the following persons:

2  Stephen Bryan Morris
   Email: morris@sandiegolegal.com

3

   Mark Clare Hinkley
4  Email: hinkley@sandiegolegal.com

5  Fraser Angus McAlpine
   Email: fmcalpine@ackingump.com

6

   Lindsay Erin Goines
7  Email: lgoines@ackingump.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 07-2367 JF
ORDER FIXING ATTORNEY'S FEES AND COSTS
(JFEX1)